IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LAUREL K. FAUSTER, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-2621 KHV/DJW |
| | ) | |
| THE CITY OF CHERRYVALE, | ) | |
| KANSAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Compel (doc. 31). Pursuant to Fed. R. Civ. P. 37(a), Defendants seek an order from this Court compelling Plaintiff to fully answer Defendant City of Cherryvale's Interrogatory No. 16. The Motion is fully briefed and is therefore ripe for consideration. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

Plaintiff brings this action against Defendants asserting claims for, *inter alia*, sexual harassment, sex discrimination and unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* as well as claims under 42 U.S.C. § 1983. She alleges that she was subjected to numerous unwanted sexual advances and comments, discrimination based on her sex, and retaliation for her complaints regarding the alleged sexual harassment. Plaintiff further alleges, "As a result of the egregious wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer from anxiety, severe emotional distress, loss of sleep, nervousness and has suffered an agonizing miscarriage directly attributable to Defendants'

wrongful conduct."[1]  Plaintiff's Complaint makes it clear that Plaintiff seeks damages for past and future lost wages, compensatory damages, and punitive damages.[2]  In her response to Defendants' Motion, Plaintiff states that she is not seeking pecuniary damages related to emotional distress, but rather that she seeks only non-pecuniary damages for emotional distress of a "garden variety."[3]

On August 6, 2009, Defendant City of Cherryvale served its Interrogatories to Plaintiff, which includes Interrogatory No. 16, the interrogatory in dispute.[4] Dissatisfied with Plaintiff's answer to Interrogatory No. 16, Defendants filed the instant Motion.[5]

## II.   CONFERRING REQUIREMENTS

"The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[6]  Therefore, before addressing the merits of Defendants' Motion, the Court must determine whether Defendants' counsel complied with the conferring requirements of the Federal Rules of Civil Procedure and

---

[1] Compl. (doc. 1) ¶ 28.

[2] *Id.* at ¶¶ 34 and 40.

[3] Pl. Mem. in Opp'n to Mot. to Compel (doc. 34) at 3-4.

[4] *See* Notice of Service of Discovery Items (doc. 22).

[5] The Court notes that although Interrogatory No. 16 was propounded by Defendant City of Cherryvale, the Motion was filed on behalf of all the defendants in this matter.  However, because the City of Cherryvale is included among the defendants seeking to compel Plaintiff to answer Interrogatory No. 16, the Court need not address this issue further.

[6] D. Kan. Rule 37.2.

- 2 -

the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

Fed. R. Civ. P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[7] Under Fed. R. Civ. P. 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[8]

In addition, D. Kan. Rule 37.2 requires counsel for the moving party to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[9] D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[10]

The Court has reviewed the relevant pleadings and exhibits describing Defendants' counsel's efforts to confer with Plaintiff's counsel before filing the Motion. The Court notes that Plaintiff does not argue that Defendants' counsel failed to confer with Plaintiff's counsel before filing this Motion. The Court concludes that the communications between Defendants' counsel

---

[7] Fed. R. Civ. P. 37(a)(1).

[8] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[9] D. Kan. Rule 37.2.

[10] *Id.*

and Plaintiff's counsel demonstrate that Defendants' counsel made reasonable efforts to confer with Plaintiff's counsel concerning the matters in dispute before filing the Motion. Having concluded that the conferring requirements were satisfied, the Court will address the merits of the Motion.

## III. INTERROGATORY NO. 16

Interrogatory No. 16 seeks the following information:

> State the names and addresses of all physicians, chiropractors, physical therapists, psychiatrists, psychologists, counselors or other medical or mental health care personnel, hospital or institutions contacted by you for consultation, examination or treatment of any mental, emotional or nervous condition or complaint since 1998.[11]

Plaintiff responded to Interrogatory No. 16 as follows:

> Plaintiff objects to this interrogatory regarding mental health consults since 1998. Defendant has requested a medical authorization for such information, but as worded, the authorization is restricted to consult or treatment "since January 1, 2004." Assuming defendants intended this interrogatory to be consistent with the medical authorization they have served on the plaintiff, and without waiving objection, plaintiff states that she has not sought or received any mental health counseling or treatment since January 1, 2004. Plaintiff's mental health prior to January 1, 2004 is not in issue.[12]

Having reviewed Plaintiff's answer to Interrogatory No. 16, it is not clear to the Court exactly what objection Plaintiff claims to be making or preserving. Fed. R. Civ. P. 33 requires that a party state its objections to an interrogatory with *specificity*.[13] Nowhere in her answer to Interrogatory No. 16 does Plaintiff state any objection with specificity. The only sentence coming close to stating an objection is the last sentence, which appears to state a relevance

---

[11] Interrogs. to Pl. (attached as Ex. A to Mem. in Supp. of Mot. to Compel, doc. 32) at 5.

[12] *Id.* at 7.

[13] Fed. R. Civ. P. 33(b)(4).

- 4 -

objection: "Plaintiff's mental health prior to January 1, 2004 is not in issue."[14]  It appears from Defendants' Motion that Defendants also interpreted this sentence to state a relevance objection.[15]  Thus, although the wording of the sentence is far from ideal, the Court will consider the sentence to make a relevance objection because it was specific enough to put Defendants on notice of a relevance objection.

Plaintiff argues that she is also entitled to make an objection to Interrogatory No. 16 based on the physician/patient privilege.  Plaintiff admits, however, that she did not mention the physician/patient privilege in her answer to Interrogatory No. 16.[16]  Plaintiff claims she did not assert the privilege in her answer to Interrogatory No. 16 because she "was faced with inconsistent discovery requests, and her answer was confined to the medical authorization deadline of January 1, 2004. Since [P]laintiff had [not] sought or received mental care and treatment on and after January 1, 2004, there was no privileged information to protect."[17]

Assuming *arguendo* that a physician/patient privilege is applicable and has not otherwise been waived,[18] it is well settled that the failure to timely assert an objection to an interrogatory

---

[14] Interrogs. to Pl. (attached as Ex. A to Mem. in Supp. of Mot. to Compel, doc. 32) at 7.

[15] Mem. in Supp. of Mot. to Compel (doc. 32) at 4 ("Plaintiff's objection to defendants' interrogatory is based solely on relevance.").

[16] Pl.'s Mem. in Opp'n to Mot. to Compel (doc. 34) at 2.

[17] *Id.* at 2-3.

[18] K.S.A. 60-427(d) provides, "There is no [physician/patient] privilege . . . in an action in which the condition of the patient is an element or factor of the claim or defense of the patient . . .." The Court need not decide the broader issue of whether Plaintiff waived the physician/patient privilege under K.S.A. 60-427(d) because, for the reasons explained below, the Court finds that Plaintiff waived the privilege with respect to Interrogatory No. 16 by failing to timely assert the privilege.

results in waiver of the objection.[19] Fed. R. Civ. P. 33 provides in pertinent part, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."[20] As Plaintiff did not timely assert the physician/patient privilege by raising it in her answer to Interrogatory No. 16, the Court deems this privileged waived with respect to Interrogatory No. 16.[21] Plaintiff is not allowed to assert this privilege for the first time in her opposition to the Motion.[22]

The Court further finds that Plaintiff has not shown good cause for her failure to timely assert the physician/patient privilege. Regardless of whether there were other discovery requests which were, according to Plaintiff, inconsistent with Interrogatory No. 16, Plaintiff had an obligation to answer Interrogatory No. 16 to the extent she did not object to it and then to state her objections to the unanswered portion with specificity.[23] Thus, even if Plaintiff did not believe she needed to assert the physician/patient privilege with respect to information dating from January 1, 2004 to today, Plaintiff still had an obligation to state with specificity her objections to information dating from 1998 to January 1, 2004. Plaintiff cannot simply rewrite Interrogatory No. 16 and then answer her revised interrogatory and ignore the portion she believed was inconsistent with Defendants' other discovery requests.

---

[19] *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 618 (D. Kan. 2005).

[20] Fed. R. Civ. P. 33(b)(4).

[21] *Cardenas*, 231 F.R.D. at 618.

[22] *Id.*

[23] Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."); Fed. R. Civ. P. 33(b)(4).

Having concluded that Plaintiff waived the physician/patient privilege with respect to Interrogatory No. 16 by failing to timely assert the privilege or show good cause for her failure to timely assert the privilege, the Court examines the only objection made to Interrogatory No. 16: relevance.

Under Fed. R. Civ. P. 33, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)."[24] Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .."[25] "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the subject matter to the action."[26]

> When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[27]

---

[24] Fed. R. Civ. P. 33(a)(2).

[25] Fed. R. Civ. P. 26(b)(1).

[26] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 685-86 (D. Kan. 2000)(citing *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

[27] *Etienne*, 185 F.R.D. at 656-57 (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)) (internal quotations omitted).

Conversely, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden [] to show the discovery relevant."[28]

It appears to the Court that the information sought in Interrogatory No. 16 is relevant to the claims and defenses in this case. Indeed, this Court has previously found such information relevant even where the plaintiff, like the Plaintiff here, claims to seek only "garden variety" emotional damages. In *Owens v. Sprint/United Management Co.*, this Court explained:

> Generally, discovery requests seeking an employment discrimination plaintiff's medical and psychological records are held to be relevant as to both causation and the extent of plaintiff's alleged injuries and damages if plaintiff claims damages for emotional pain, suffering, and mental anguish. The fact that these damages claims may be the "garden variety" of damage claims for emotional distress does not automatically exempt them from discovery.[29]

In concluding that the medical information sought by the defendants in *Owens* was relevant to the claims and defenses in the case, this Court reasoned:

> [I]nformation on Plaintiff's medical and health care providers and records relating to her medical care, treatment, and counseling are relevant to the claims she seeks to assert for her 'garden variety' emotional damages under Title VII. The information and documents are further relevant to the preparation of Defendant's defenses against Plaintiff's emotional distress damages claims because her medical records may reveal stressors unrelated to Defendant that may have affected Plaintiff's emotional well being.[30]

Applying the same reasoning found in *Owens*, the Court concludes that the information sought in Interrogatory No. 16, namely the addresses and names of all medical or mental health care personnel, hospitals or institutions contacted by Plaintiff for examination or treatment of

---

[28] *Id.* at 657 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan.1996)).

[29] *Owens v. Sprint/United Mgmt. Co.*, 221 F. R. D. 657, 659-60 (D. Kan. 2004) (citations omitted).

[30] *Id.* at 660.

any mental, emotional or nervous condition since 1998, is relevant to Plaintiff's allegations that "[a]s a result of the egregious wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer from anxiety, severe emotional distress, loss of sleep, nervousness and has suffered an agonizing miscarriage directly attributable to Defendants wrongful conduct."[31] The requested information also appears relevant to the preparation of Defendants' defenses against Plaintiff's garden variety emotional distress damages because the information may reveal stressors unrelated to Defendants that may have affected Plaintiff's emotional well-being.

Having concluded that the information sought by Interrogatory No. 16 appears relevant, Plaintiff, as the party resisting discovery, has the burden of showing that the information requested in Interrogatory No. 16 is not relevant "by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[32] However, much like her answer to Interrogatory No. 16, Plaintiff's opposition brief to the Motion says very little about the issue of relevance. In fact, Plaintiff's entire opposition brief is dedicated to the issue of whether Plaintiff has waived her physician/patient privilege.

Even if the Court were to construe Plaintiff's arguments regarding waiver of the physician/patient privilege as arguments concerning the relevance of the information requested by Interrogatory No. 16, the Court finds that these arguments do not satisfy Plaintiff's burden. Plaintiff argues that she is only seeking "garden variety" emotional damages. However, this

---

[31] Compl. (doc. 1) ¶ 28.

[32] *Etienne*, 185 F.R.D. at 656-57 (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)) (internal quotations omitted).

Court has already explained that the fact that a plaintiff seeks only garden variety emotional damages does not preclude the defendant from discovering information concerning her medical and mental history.[33] Plaintiff further argues that Defendants should not be allowed "to discover [P]laintiff's entire medical *files* dating back to 1998, nearly a decade before the events alleged in the complaint."[34] However, the only issue before the Court is the relevance of the information requested in Interrogatory No. 16, which seeks only the *names and addresses* of medical and mental health care professionals contacted by Plaintiff for examination or treatment of any mental or emotional condition. Interrogatory No. 16 does not seek any medical files.

The Court concludes that Plaintiff has failed to articulate any arguments as to why the information sought by Interrogatory No. 16 is not relevant or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. The Court therefore overrules Plaintiff's relevance objection and grants Defendants' Motion seeking to compel Plaintiff to fully answer Interrogatory No. 16.

## IV. EXPENSES

While neither Defendants nor Plaintiff address the issue of expenses, the Court must now consider the issue because the Court has granted Defendants' Motion. Fed. R. Civ. P. 37 governs the payment of expenses in connection with motions to compel. Fed. R. Civ. P. 37(a)(5)(A) provides that when a motion to compel is granted, as is the case here, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

---

[33] *Owens*, 221 F.R.D. at 659-60.

[34] Pl.'s Mem. in Opp'n to Mot. to Compel (doc. 34) at 5 (emphasis added).

expenses incurred in making the motion, including attorney's fees."[35] However, "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified[] or other circumstances make an award of expenses unjust."[36]

As Fed. R. Civ. P. 37(a)(5)(A) expressly provides, the Court must award fees and expenses under Fed. R. Civ. P. 37(a)(5)(A) only after the Court has afforded the parties the "opportunity to be heard."[37] To satisfy this requirement, the Court directs Plaintiff to show cause, in a pleading filed with the Court within **twenty (20) days** of the date of the filing of this Order, why she and/or her attorneys should not be required to pay the reasonable attorney fees and expenses that Defendant City of Cherryvale[38] incurred in making the Motion. Defendant City of Cherryvale shall have **eleven (11) days** thereafter to file a response thereto, if it so chooses. In the event the Court determines that fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that Defendant City of Cherryvale has incurred, and for the filing of any related briefs.

## V. CONCLUSION

---

[35] Fed. R. Civ. P. 37(a)(5)(A).

[36] *Id.*

[37] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (*citing* Fed. R. Civ. P. 37(a)(4) (now numbered Fed. R. Civ P. 37(a)(5)).

[38] As the interrogatory at issue was propounded by Defendant City of Cherryvale, the Court will limit the expenses to those incurred by Defendant City of Cherryvale in making the Motion.

For the foregoing reasons the Motion is granted. Plaintiff shall fully answer Interrogatory No. 16.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Compel (doc. 31) is granted. **Within 20 days** of the date of the filing of this Order, Plaintiff shall fully answer Defendant City of Cherryvale's Interrogatory No. 16.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause, in a pleading filed with the Court within **twenty (20) days** of the date of the filing of this Order, why she and/or her attorneys should not be required to pay the reasonable attorney fees and expenses that Defendant City of Cherryvale incurred in making the Motion. Defendant City of Cherryvale shall have **eleven (11) days** thereafter to file a response thereto, if it so chooses. In the event the Court determines that fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that Defendant City of Cherryvale has incurred, and for the filing of any related briefs.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 11th day of January 2010.

                                           s/ David J. Waxse
                                           David J. Waxse
                                           U.S. Magistrate Judge

cc:     All counsel and *pro se* parties